UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS RICHARDS, LINDSAY BARBER; ESTATE OF JOAN BARBER, <br><br>     Plaintiff(s), <br><br> v. <br><br> CHRISTOPHER WONG, M.D; COUNTY OF MERCER, JOHN AND JANE DOES I, II AND III, UNNAMED PHYSICIANS AND MEDICAL PERSONNEL; CHARLES ELLIS; CFG HEALTH SYSTEMS, LLC; AND GRACIANO ZARA, M.D. <br><br>     Defendants. | Civil Action No. 14-3353 (PGS) <br><br><br> MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiffs' (Doris Richards, Lindsay Barber, and the Estate of Joan Barber) motion to extend the statutory period for serving an Affidavit of Merit. [Docket Entry No. 21]. Defendants (Christopher Wong, M.D., County of Mercer, John and Jane Does I, II, and III, Unnamed Physicians and Medical Personnel, Charles Ellis, CFG Health Systems, LLC, and Graciano Zara, M.D.) oppose Plaintiffs' motion. [Docket Entry Nos. 27, 35, and 36]. The Court has fully reviewed the papers submitted in support of and in opposition to Plaintiffs' motion. The Court considers Plaintiffs' motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiffs' motion is DENIED.

**I.     Background and Procedural History**

This matter arises out of Plaintiffs' motion to preserve the right to seek a statutory 60-day extension of the deadline for serving Defendants an Affidavit of Merit, pursuant to *N.J.S.A.* 2A:53A-27. (*See* Motion for Extension of Time; Docket Entry No. 21). On or about December

24, 2013, Plaintiffs Doris Richards, Lindsay Barber and the Estate of Joan Barber (hereinafter "Plaintiffs") filed a Complaint *pro se* in the Superior Court of New Jersey, Law Division, Mercer County, docketed at MER-L-2774-13.  The Complaint was filed against the County of Mercer, Charles Ellis, Christopher Wong, M.D., Graciano Zara, M.D., and CFG Health Systems, LLC.  On April 23, 2014, Roger Martindell, Esquire was substituted into the New Jersey Superior Court action on behalf of the *pro se* Plaintiffs.

On May 14, 2014, Defendant Christopher Wong, M.D., filed an Answer.  Subsequently, Defendants CFG Health Systems, LLC and Graciano Zara, M.D., filed their Answer and a Notice of Removal on May 27, 2014. [Docket Entry No. 1]. The case was removed from State to Federal District Court.  On June 30, 2014, Defendants County of Mercer and Charles Ellis filed an Answer [Docket Entry No. 7], including separate defenses and an Answer to the crossclaims against the other Defendants.  In their Answers, Defendants specifically pleaded both failure to state a claim and failure to serve an Affidavit of Merit, pursuant to *N.J.S.A.* 2A:53A-27. *Id*.

On December 5, 2014, Plaintiffs filed the motion at hand to extend the time to file an Affidavit of Merit.

## II.     ARGUMENTS

### A.  PLAINTIFFS' ARGUMENTS

In their Complaint, Plaintiffs rely on *N.J.S.A.* 2A:53A-27 and *N.J.S.A.* 2A:53A-28, to put forth three arguments to show that good cause exists for granting a 60-day extension of time to serve an Affidavit of Merit:  First, Plaintiffs claim that they have yet to receive the institutional medical records of the deceased after requesting the records. (*See* Motion for Extension of Time; Docket Entry No. 21 at 5). Plaintiffs cite to  *N.J.S.A.* 2A:53A-28, and state that a failure to disclose medical records after being served with a copy of a request for those records would be

2

grounds to excuse compliance with the Affidavit of Merit statute. (*Id.*) Second, Plaintiffs' counsel was diagnosed with cancer and was undergoing chemotherapy treatments. As such, Plaintiffs seek an additional 60 days to accommodate the medical condition and treatments of their counsel. Third, Plaintiffs argue that Defendants remained silent on the issue of submitting a timely Affidavit of Merit, despite the Court's repeated instructions to raise and confer on pretrial matters before filing motions. (*Id.* at 5-6). Therefore, Plaintiffs argue that Defendants' silence lulled them into inaction until after the expiration period of 120 days. For these reasons, Plaintiffs argue good cause exists to warrant a 60-day extension of time to serve the Affidavit of Merit.

### B. DEFENDANTS' ARGUMENTS

Defendants oppose Plaintiffs' motion on the grounds that the Plaintiffs have exceeded the deadline to file an Affidavit of Merit. (*See* Brief in Opposition; Docket Entry Nos. 27, 35 and 36). Defendants first cite to *N.J.S.A.* 2A:53A-27, which states in relevant part that:

> "Plaintiff shall, within 60 days following the date of filing of the answer…provide each defendant with an affidavit of an appropriate licensed person…The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause."

Defendants argue that this 120-day statutory period is a "drop-dead" date by which a plaintiff must serve an appropriate Affidavit of Merit. (*Id.* at Docket Entry Nos. 27, 35 and 36). This 120-day period encompasses the 60-day period to provide an affidavit of an appropriate licensed person, and the 60-day extension. Since Plaintiffs failed to serve an appropriate Affidavit of Merit within 120 days of the filing of the Answer, Defendants argue the Complaint should be dismissed. Additionally, Defendants address the issue of Plaintiffs' counsel's medical condition with regards to timely filing the Affidavit of Merit. Defendants argue that although

3

Plaintiffs' counsel had medical issues, there was another counsel of record, Mr. Martindell, who could have filed the Affidavit of Merit on time. (*Id.* at Docket Entry Nos. 27, 35 and 36).

Second, Defendants argue that the running of the Affidavit of Merit statute has not been tolled. (*Id.*). Even though the Court has not scheduled an Affidavit of Merit conference, Defendants contend this does not toll the running of the Affidavit of Merit statute. Additionally, Defendants argue the Court's decision to stay discovery was not intended to toll the running of the Affidavit of Merit statute. Defendants contend that since it was a stay on discovery and not pleadings, Plaintiffs' argument is not applicable. (*Id.*, citing *Cornblatt v. Barow*, 153 N.J. 218 (1998)). Furthermore, Defendants assert that Plaintiffs' claim that they were lulled into inaction by Defendants is not applicable because case law states: "ignorance of the law or failure to seek legal advice will not excuse failure to meet the filing deadline." (Docket Entry No. 35 at 8, citing *Hyman Zamft and Manard v. Cornell*, 309 N.J. Super. 586 (App. Div. 1998)). Therefore, it was Plaintiffs' responsibility to know the law to prevent the statute from running. It is neither Defendants', nor the Courts' responsibility to educate and bring to Plaintiffs' attention the 60-day deadline for filing an Affidavit of Merit. Therefore, Defendants argue that Plaintiffs ought not to be given an extension of time to file the appropriate Affidavit of Merit.

### III. ANALYSIS

#### A. STANDARD OF REVIEW

In professional malpractice actions plaintiffs are required to provide an affidavit from an appropriate licensed professional attesting to the merit of plaintiff's claims. *Palanque v. Lambert Wooley*, 168 N.J. 398, 404 (2001). This requirement was intended by the Legislature to curtail frivolous litigation without preventing access to the courts for meritorious claims. *Id*. The Affidavit of Merit Statute provides:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

*N.J.S.A.* 2A:53A-27.

A plaintiff's failure to serve an appropriate Affidavit of Merit within the 120 days of the filing of the answer is considered tantamount to the failure to state a cause of action, subjecting the complaint to dismissal.  *See N.J.S.A.* 2A:53A-29.

### B. DISCUSSION

Through their motion [Docket Entry No. 21], Plaintiffs seek permission to extend the time for serving an Affidavit of Merit for an additional 60 days.  Defendants assert that Plaintiffs' motion for an extension to serve the Affidavit of Merit should be denied because they seek an extension beyond the 120-day maximum limit. The Court agrees.

*N.J.S.A.* 2A:53A-27 requires plaintiffs in medical malpractice actions to provide the defendant, within 60 days of the filing of defendant's answer, an affidavit of "an appropriate licensed person that there exists a reasonable probability" that the care that is the subject of the action falls outside the accepted professional standard.  *N.J.S.A.* 2A:53-27.  One additional 60-day extension may be granted upon a finding of good cause.  *Id.* As noted by the New Jersey Appellate Division in *Familia v. University Hosp. of University of Medicine and Dentistry of New Jersey*, 350 N.J. Super. 563, 569 (App. Div. 2002), it is "significant that the statute speaks of granting 'no more than one additional period,' rather than in terms of "no more than one

5

additional extension.' *N.J.S.A*. 2A:53A-27.  We construe the language 'one additional period' to indicate that the concern of the Legislature was to set an outer time limit of one hundred twenty days, beyond which no extension could be granted, rather than to limit the number of times an extension could be sought." As the New Jersey Supreme Court forewarned in *Ferreira v. Rancocas Orthopedic Assocs.,* 178 N.J. 144 (2003):

> If defense counsel files a motion to dismiss after the 120-day deadline and before plaintiff has forwarded the affidavit, the plaintiff should expect that the complaint will be dismissed with prejudice. *Id.* at 154.

Thus, this 120-day period has been deemed a "drop-dead" date with which a plaintiff must serve an appropriate Affidavit of Merit.  *See Douglass v. Obade*, 359 N.J. Super. 159 (App. Div. 2003).

In the matter at hand, Plaintiffs failed to serve the required Affidavit of Merit within 60 days of Defendants' Answers being filed.  Additionally, Plaintiffs failed to seek a 60-day extension for good cause before the 120-day period expired.  While the Court is sympathetic to Plaintiffs' counsel's medical condition, it does not constitute an extraordinary circumstance warranting an extension, especially given that counsel was not the only attorney of record at the time.  Plaintiffs' argument, that an extension of time should be granted because Plaintiffs did not receive the institutional medical records of the deceased, also fails.  Although Plaintiffs made demands upon Defendants for the deceased's medical records, Defendants could not comply without an appropriate HIPAA authorization.  *See 45 C.F.R. 160*.  Moreover, Plaintiffs' could have themselves sought production from the medical providers and/or intervention from the Court.  They did not.

Finally, Plaintiffs' argument that the running of the Affidavit of Merit statute should have been tolled fails. The Affidavit of Merit is not a discovery mechanism controlled by court rules,

but rather is a statutory requirement pursuant to *N.J.S.A*. 2A:53A-26.  Thus, when the Court issued a stay on discovery, it did not toll the time for the filing of the Affidavit of Merit.  Notably, during the telephone conference held on November 21, 2014, the Court questioned whether it could, if so inclined, toll the time to file.  In any event, the Court specifically advised that the tolling of discovery did not apply to the time to file an Affidavit of Merit.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to extend the statutory period for serving an Affidavit of Merit is DENIED.  An appropriate Order follows.

Dated: April 28, 2015

>  s/Tonianne J. Bongiovanni
>  **HONORABLE TONIANNE J. BONGIOVANNI**
>  **UNITED STATES MAGISTRATE JUDGE**